UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jonnathan V.R., | No. 26-cv-01284-SRB-DLM |
| Petitioner, | |
| v. | **ORDER** |
| Pamela Bondi, *et al.*, | |
| Respondents. | |

Before the Court is Petitioner Jonnathan V.R.'s ("Petitioner") Petition for a Writ of Habeas Corpus. (Doc. #1.) For the reasons below, the Court GRANTS the habeas petition.

## Background

Petitioner is a citizen of Ecuador who has lived in the United States for more than three and a half years after entering with inspection. On July 19, 2022, the Department of Homeland Security ("DHS") informed Petitioner that, "as a condition of parole, [he was] to report to an ICE office near [his] final destination within 60 days." (Doc. #1, p. 2.) Petitioner allegedly did so, and has complied with all subsequent conditions of parole imposed by DHS, including attending an ICE check-in on February 4, 2026. At the February 4, 2026, ICE check-in, Petitioner received an Order of Release on Recognizance and was instructed to attend another ICE check-in in February 2027. On February 10, 2026, ICE arrested Petitioner while he was in the parking lot of his apartment complex and on his way to his job.

Respondents acknowledge that this petition raises legal and factual issues similar to those in prior habeas petitions this Court has decided. Nevertheless, Respondents "assert all arguments raised by the government in [*Buenrostro-Mendez v. Bondi*, No. 25-20496F, 4th (5th Cir. Feb. 6, 2026)] and in [*Avila v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025)], preserve those arguments for any appeal in this case, and respectfully request that the Court deny Petitioner's habeas petition." (Doc. #5, p. 1.) The Court concludes that

1

Petitioner is not subject to the provisions of Section 1225(b)(2) and is instead subject to the provisions of Section 1226(a). *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025).

The Court has also concluded that if a petitioner is subject to the provisions of Section 1226(a), the Government must have issued a warrant justifying detention in the first place. *See Ahmed M. v. Bondi et al.*, 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026). If the Government does not do so, immediate release is the appropriate remedy. *Id.* Here, Respondents attach to their answer an administrative warrant issued to Petitioner on February 10, 2026, the date Petitioner was arrested. In response, Petitioner filed a declaration supporting that Petitioner was arrested without notice and was not presented with a warrant or reason for his arrest, (Doc. #7, p. 2), and argues that "Respondents have not shown [the warrant] was issued prior to [Petitioner's] detention." (Doc. #6, p. 2.)

The Court recognizes that under 8 U.S.C. § 1357(a)(2), an immigration officer may "arrest any alien in the United States, if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest." Despite the Court's Order directing Respondents to include in their answer "[s]uch affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioner's detention in light of the issues raised in the habeas petition[,]" (Doc. #3, p. 1), Respondents have not provided any information showing that (1) the warrant was issued prior to Petitioner's arrest and (2) the immigration officer who arrested Petitioner had reason to believe that the Petitioner was in the United States in violation of any law or regulation and was likely to escape before a warrant for his arrest could be obtained. Accordingly, the Court finds that despite the existence of an administrative warrant, immediate release of Petitioner is the appropriate remedy.

# ORDER

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's Petition for a Writ of Habeas Corpus (Doc. #1) is **GRANTED**.

2. The Court declares that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and enjoins Respondents from denying release or other relief on the basis that she is subject to such mandatory detention.

3. Respondents shall immediately release Petitioner in Minnesota, but no later than 48 hours from the date of this Order.

4. Prior to Petitioner's release, Respondents must first notify Petitioner's legal counsel within two hours of his impending release and include the location of his release and approximate release time.

5. When Petitioner is released, Respondents must return to him any property, personal effects, and documents that they have taken from him, including identity documents, foreign issued identity documents, and immigration documents.

6. Respondents may not administratively recharacterize the release granted by this Order as grounds to impose conditions or re-impose existing conditions in conjunction with release.

7. Respondents shall confirm Petitioner's release with the Court within 72 hours from the date of this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: February 18, 2026                  *s/Stephen R. Bough*
                                         Stephen R. Bough
                                         United States District Judge